1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF WASHINGTON

8    DANIEL T. SIGO,

9        Plaintiff,                    NO.  CV-03-5094-CI

10       v.                            **ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL**

11   JOSEPH LEHMAN, *et al.*,

12       Defendant.

13

14

15       Before the Court is Defendants' Motion for Summary Judgment Dismissal

16   (Ct. Rec. 19).  On May 2, 2005, Magistrate Judge Cynthia Imbrogno filed a Report

17   and Recommendation to Grant Defendants' Motion for Summary Judgment

18   Dismissal (Ct. Rec. 41).  Plaintiff filed timely objections (Ct. Rec. 42).  Plaintiff is

19   proceeding pro se; Assistant Attorney General Stephanie Weigand represents

20   Defendants.  The parties did not consent to proceed before a United States

21   Magistrate Judge.  The Report and Recommendation (Ct. Rec. 41) is **ADOPTED**

22   in its entirety.

23       In his objections (Ct. Rec. 42), Plaintiff contends that the claims raised in his

24   First Amended Complaint (Ct. Rec. 4) involve issues of Federal Constitutional law,

25   not issues involving prison policies and medical treatment.  Plaintiff contends that

26   over 100 exhibits and affidavits (Ct. Rec. 30) establish questions of fact that would

27   preclude dismissal on summary judgment.

28       <u>CLAIM ONE</u>: Plaintiff contends that the fact he has established that

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL * 1

1    excessive noise exists in his cell demonstrates a violation of the Constitution

2    without proof of injury or medical treatment, citing *Toussaint v. McCarthy*, 801

3    F.2d 1080, 1110 (9th Cir. 1986), *cert. denied*, 48 U.S. 1069 (1987).  *Toussaint*

4    made reference to excessive noise as constituting the infliction of pain without

5    penological justification, a finding made by the district court and not challenged on

6    appeal.

7         Plaintiff's claim was properly dismissed; excessive noise must be analyzed

8    under an Eighth Amendment, conditions of confinement standard.  Recent case law

9    has upheld dismissal of such claims.  Regarding excessive noise, the risk of injury

10   due to the noise conditions must be "so grave that it violates contemporary

11   standards of decency to expose anyone unwillingly to such a risk." *Helling v.*

12   *McKinney*, 509 U.S. 25, 35 (1993); *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th

13   Cir. 1994) (affirming summary judgment for prison officials who allegedly

14   subjected prisoners to loud noises over an intercom during a 24-hour period; "[t]he

15   record contains no evidence that the noise levels posed a serious risk of injury to

16   the plaintiffs.  Subjecting a prisoner to a few hours of periodic loud noises that

17   merely annoy, rather than injure the prisoner does not demonstrate a disregard for

18   the prisoner's welfare."); *Murphy v. Dowd*, 975 F.2d 435, 437 (8th Cir. 1992) (per

19   curiam) (affirming judgment for prison officials, finding excessive noise claim was

20   meritless); *Givens v. Jones*, 900 F.2d 1229, 1234 (8th Cir. 1990) (affirming

21   summary judgment for prison officials in suit alleging excessive noise caused by

22   remodeling in prison; court finds noise is "a fact of life" and that the claim "on its

23   face appears almost specious;" inmate failed to claim the noise was result of

24   malicious intent or even reckless disregard for his well-being); *Peterkin v. Jeffes*,

25   855 F.2d 1021, 1027 (3d Cir. 1988) ("the noise in the cells, while it may be

26   irritating to some prisoners, cannot fairly be said to inflict cruel and unusual

27   punishment").

28        CLAIM TWO: Plaintiff contends that the Report and Recommendation erred

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL * 2

by dismissing his claim involving use of two pillows as ordered by a health status report. He asserts this is not an issue involving denial of medical treatment but, rather, a constitutional violation. Once again, this is a claim that must be analyzed under the Eighth Amendment indifference to medical needs standard. There is no evidence to raise a material question of fact that the denial of two pillows, in light of the other bedding issued to Plaintiff while he was in segregation, constituted a violation of the Eighth Amendment.

CLAIM THREE: Plaintiff summarily contends that the Report and Recommendation erroneously analyzed the denial of physical therapy as a medical claim, rather than a "constitutional" claim. The denial of physical therapy would be analyzed under the Eighth Amendment indifference to medical needs standard. Placement in the intensive management unit and the security requirements attendant thereto prohibited physical therapy treatments. As noted by the treating physician, physical therapy was only one alternative for treatment of Plaintiff's shoulder pain. It is undisputed that a cortisone shot was successful in treating the condition.

CLAIM FIVE: Plaintiff contends that the Report and Recommendation erroneously dismissed his claim involving inadequate clothing, shoes, and coats for use in the exercise yard. Once again, Plaintiff asserts the Report and Recommendation erred in analyzing this claim as a medical issue for which there was no evidence that suggested Plaintiff's health suffered as a result of inadequate clothing for use in the exercise yard during inclement weather. Plaintiff contends that he is entitled, under the Constitution, to outside exercise time. The Report and Recommendation acknowledges that exercise is a life necessity protected under the Eighth Amendment (Ct. Rec. 41 at 12). However, it was also undisputed that exercise outdoors in inclement weather was optional, outdoor coats were made available, as well as socks for use with open-toed sandals.

CLAIM SIX: Plaintiff claims that the Report and Recommendation

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL * 3

erroneously dismissed his claim involving lack of running water in his cell.  The claim was dismissed because there was no evidence the lack of running water was intentional for the purpose of creating serious risk to Plaintiff's safety and health. The Eighth Amendment analysis of conditions of confinement requires both an objective and subjective component.  *Hudson v. McMillan*, 503 U.S. 1 (1992). Here, there was no material question of fact regarding the subjective component.

CLAIM SEVEN: Plaintiff contends that the Report and Recommendation erroneously dismissed his claim involving constant illumination, citing *Lemaire v. Maass*, 745 F. Supp. 623, 636 (D. Or. 1990), 12 F.3d 1444 (9th Cir. 1993).  Plaintiff has presented no evidence the lighting was other than minimal and necessary for security, nor has he presented evidence of subjective intent, i.e., that Defendants intentionally maintained the lights at a risk to Plaintiff's health and safety.

CLAIM NINE: Plaintiff contends that he was denied First Amendment access to the courts, resulting in a 2.5 year difference in his release date.  In light of the status of state court proceedings at the time the alleged violation occurred, and Plaintiff's limited right to appeal under the Anti-terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 (2005), no material question of fact has been raised.

Having reviewed the Report and Recommendation and considered the timely objections thereto,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED** in its entirety, and Defendants' Motion for Summary Judgment Dismissal (Ct. Rec. 19) is **GRANTED**.

//

//

//

//

//

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL * 4

1   Order and forward copies to counsel.

2   **DATED** this 10th day of August, 2005.

3

4                          s/ ROBERT H. WHALEY
                    UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10
    Q:\CIVIL\2004\Sigo\sigo.adopt.rr.memo.wpd
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL * 5